IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                                            PLAINTIFF

V.                              NO.  2-98-CR-20003-JLH

FRANCISCO OCAMPO                                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMENDATION

Before the Court is the Defendant's Motion to Reduce Sentence (Doc. 127) filed on January 18, 2008 and referred to the undersigned by Order (Doc. 128) dated January 30, 2008.

Background:

The Defendant pleaded guilty to conspiring to distribute methamphetamine and was sentenced to 172 months imprisonment, five years supervised release and fined $2,500.00 on August 13, 1998 (Doc. 81).

The Defendant appealed his sentence to the Court of Appeals for the 8th circuit, which affirmed the sentence on February 9, 1999. *See U.S. v. Ocampo*, 175 F.3d 1026, (1999)

On January 15, 2002 the Defendant filed a Motion to Vacate pursuant to 28 U.S.C. Section 2255. (Doc. 115)  The Motion was dismissed on February 21, 2002 by Order (Doc. 120) finding that the motion was barred by the statute of limitations.

The Defendant brings this Motion for Sentence Adjustment (Doc. 127) and contends that because "of his status as a deportable Alien, Petitioner was ineligible to receive the rewards which are offered for the residential drug abuse program (DAP), and that the Petitioner "cannot receive a timely half-way house release."

The Defendant states that "[S]olely because of his status as a deportable alien, the

Defendant sentence will be served under circumstances that are more severe than those facing a United States citizen, who are equally culpable and who receive the identical guideline sentence" and that "the harsh collateral consequences that are visited by law on a Defendant as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required by the sentencing guideline."

**Discussion:**

### A. The motion is not timely.

The Motion is not timely whether it is considered under 28 U.S.C. section 2255 or Rule 35 of the Federal Rules of Criminal Procedure.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8$_{th}$ Cir. 2003). This sentence became final in 1999. The Petitioner filed a motion to vacate, set aside, or correct an illegal sentence in 2002 (Doc. 115) and that Petition was dismissed as untimely (Doc. 120).

Here, Ocampo has not raised any valid impediment to making a 2255 Motion which was created by government action, and he has not raised any claims which could not have been discovered through the exercise of due diligence prior to the date his conviction and sentence became final.

The Petitioner has not styled his Motion in the format of 28 U.S.C. section 2255 but has styled his pleading as a "Motion to Reduce". Rule 35 of the Federal rules of Criminal Procedure provides that within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. *Fed. Rules of Cr. Procedure, Rule 35(a)*. Even if the

Defendant's contention could be construed as a Motion to correct his sentence on some arithmetical, technical, or other clear error, the Motion is beyond the time and should be dismissed as untimely.

The Rule is meant "to protect the district court from recurrent requests from defendants to reconsider their sentence and to prevent the courts from becoming an alternative to the Parole Commission as a means of release from custody." *United States v. Inendino*, 655 F.2d 108, 109 (7th Cir.1981). *U.S. v. Peltier* 312 F.3d 938, *941 (C.A.8 (N.D.),2002)

### B. Even if the Motion were timely filed it should be denied.

The Defendant contends that the case of *U.S. v. Restrepo*, 802 F. Supp. 781 (E.D.N.Y., 1992) provides precedent for the relief he is requesting. It does not. In Restrepo the District Court for the Eastern District of New York, in departing below the sentencing guidelines, stated that "Mr. Restrepo faces a sentence of 41-51 months under the Sentencing Guidelines, the same sentence a United States citizen would face under similar circumstances. Unlike a United States citizen, however, an alien who is convicted of such an offense must be deported, see 8 U.S.C.A. § 1251(a)(2)(A) and (B) (Supp.1992), unless he meets the threshold criteria set out in the Immigration and Nationality Act that render him eligible to ask the Attorney General to exercise his discretion to suspend deportation... Moreover, solely because of his status as a deportable alien, the defendant's sentence will be served under circumstances that are more severe than those facing a United States citizen under similar circumstances. Unlike United States citizens who commit the same offense, who are equally culpable and who receive the identical guideline sentence, the defendant will not be eligible to serve his sentence in a minimum security facility, nor a portion of the last 10% of his sentence in a halfway house or other community custody

program, including home confinement. See 8 U.S.C.A. §§ 1182(c), 1254(a)(2) (1970 & Supp.1992). *U.S. v. Restrepo* 802 F.Supp. 781, *783 (E.D.N.Y.,1992)

The Court of Appeals for the 2nd Circuit, in reversing the District Court for the Eastern District of New York, stated that "[E]ven if it were a steadfast policy of the Bureau to deny reassignment to relaxed-security facilities to alien prisoners who must be deported on account of their conviction, we would consider that policy an inappropriate basis for departure from the imprisonment range prescribed by the Guideline".  The court also stated that "[T]he major factor relied on by the district court in departing was that Restrepo would be deported following his term of incarceration, thereby ending his resident alien status, separating him from his American *647 wife and children, and banishing him forever from the United States. Though these are indeed effects of his narcotics conviction as an alien, and though deportation, as a "forfeiture for misconduct of a residence in this country", is a civil "penalty," *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433 (1948), we cannot see that these effects justify shortening the sentence prescribed by the Guidelines. *U.S. v. Restrepo* 999 F.2d 640, *646 -647 (C.A.2 (N.Y.),1993)

The Supreme Court denied the Petition for writ of certiorari on November 1, 1993. *See Restrepo v. U.S.*, 510 U.S. 954, 1993.

A defendant's alienage is a factor that can be considered in assessing the appropriateness of a departure. *United States v. Restrepo*, Id.  However, it is "not ordinarily relevant" to sentencing, and in order to justify a departure a court must identify factors occasioned by the defendant's immigration status that are specifically relevant to sentencing and that have not been taken into account by the sentencing guidelines. Id. at 644. *U.S. v. Mohammed* 315 F.Supp.2d

4

354, *366 -367 (S.D.N.Y.,2003)

The 8th Circuit has specifically held that being categorically excluded from receiving early release after completing a drug treatment program or release to a half way house is not a basis for departure unless there is a "substantial, undeserved increase in the severity of confinement, which would affect a substantial portion of a defendant's sentence. *U.S. v. Lopez-Salas* 266 F.3d 842, *848 (C.A.8 (Neb.),2001)

The Court in *U.S. v. Bravo-Baez* had the exact same issues confronting it and the court stated that "[T]hese issues have already been addressed in *United States v. Lopez-Salas*, 266 F.3d 842 (8th Cir.2001), where the Eighth Circuit held that it is within the Bureau of Prison's (BOP) discretion to categorically exclude inmates who have had INS detainers filed against them from eligibility for early release after completing a drug treatment program. Id. at 846. The court reasoned that the BOP has categorically excluded from early release several groups of inmates who would otherwise be eligible under the statute. Prisoners who have an INS detainer filed against them are one group. Id. at 848. *U.S. v Bravo-Baez* 2005 WL 3299806, *2 (D.Neb.)

Furthermore, with respect to defendant's challenge to his ineligibility for a minimum security facility, such as a half-way house, the Eighth Circuit held that the fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual. Id. at 849. Therefore, "a departure on this basis is only appropriate in exceptional circumstances, such as where there is a substantial, undeserved increase in the severity of conditions of confinement." Id. Here, defendant's sentence does not rise to this level of severity. *U.S. v. Bravo-Baez, Id*

Ocampo's position is based upon a District Court case from the Eastern District of New

York that was overruled by the Court of Appeals for the 2nd Circuit. Furthermore, Movant's contention that his ineligibility for prison programs justifies a downward departure and has been specifically rejected by the 8th Circuit (See *U.S. v. Bravo-Baez, Id),* the 7th Circuit (*See United States v. Macedo*, 406 F. 3d 778 (7th Cir. 2005)), the 11th Circuit (See *United States v. Maung*, 320 F. 3d 1305, 1308 (11th Cir. 2003)) and the 9th Circuit (See *United States v. Charry Cubillos*, 91 F. 3d 1342, 1345 (9th Cir. 1996)).

**Conclusion**:

Based upon the forgoing I recommend that the instant motion be **DENIED**. **The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

IT IS SO ORDERED this February 25, 2008

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE